Electronically Filed
1/3/2022 2:22 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
ERIC PALACIOS, ESQ.
Nevada Bar No. 7120
JOSE C. PALLARES, ESQ.
Nevada Bar No. 4020
**ERIC PALACIOS & ASSOCIATES, LTD.**
2050 S. Eastern Avenue
Las Vegas, Nevada 89104
T: (702) 444-7777
F: (702) 639-9888
jpallares@ericpalacioslaw.com
Attorneys for Plaintiff
HILDA SANTOS CABALLERO

CASE NO: A-22-846184-C
Department 29

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

HILDA SANTOS CABALLERO, an individual,

Plaintiff,

vs.

SAM'S WEST INC. dba SAM'S CLUB, a foreign corporation; DOES 1-10, and ROE ENTITIES 11-20, inclusive jointly and severally,

Defendants.

**COMPLAINT**

COMES NOW the Plaintiff, HILDA SANTOS CABALLERO, by and through her attorney of record of the law office of ERIC PALACIOS & ASSOCIATES, LTD. and for her causes of action against the Defendants, and each of them, alleges as follows:

**I.    JURISDICTION**

1. That Plaintiff, HILDA SANTOS CABALLERO, was at all times relevant to this action a resident of Clark County, Nevada.

2. Upon information and belief, that at all times relevant to this action, the Defendant, Sam's West, Inc.dba Sam's Club (hereinafter "Defendant Sam's West") is and was a foreign corporation licensed and doing business in the County of Clark, State of Nevada.

264791

1

3. The identities of the Defendants, Does I through XX, are unknown at this time and may be individuals, partnerships, or corporations. Plaintiff alleges that each of the Defendants designated herein as Doe Defendants responsible in some manner for the damages herein alleged. Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

4. The names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants named herein as Roe Corporations I through XX, inclusive, are unknown to Plaintiff who therefore sue said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to substitute the true names of said Defendants when their identities become known. Plaintiff is informed and believes and thereupon alleges that the Defendants so designated herein as Roe Corporations I through XX, inclusive, are responsible in some manner for their agency, master/servant or joint venture relationship with said Defendants, or otherwise contributed to, as a proximate cause, the events complained of herein.

5. That the facts and circumstances giving rise to the subject action occurred within the County of Clark, State of Nevada.

6. Plaintiff has been required to retain the services of undersigned counsel to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

## II.  ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 6 above as if fully set forth herein.

8. At all times referenced herein, Defendant Sam's West Inc. owned and/or controlled the premises at 1910 E Serene Avenue, Las Vegas, Nevada 89123.

9. On or about January 4, 2020, Plaintiff was a business invitee of Sam's West Inc's store at 1910 E Serene Avenue, Las Vegas, Nevada 89123, and was legally on the premises at the time of the incident which is the subject of this complaint.

10. On said date, Plaintiff was walking in the designated produce aisle where the grapes and strawberries were located.

11. At said time and place, Plaintiff slipped and fell over a grape on the floor, resulting in substantial bodily injuries. The grape on the floor constituted a dangerous condition and will be referred throughout the remainder of this Complaint as the "dangerous condition".

12. At all times referenced herein Defendant Sam's West maintained and was in control of the property.

13. Defendant Sam's West knew, or reasonably should have known, that the dangerous condition existed on or about the Property.

14. At all times referenced herein, the grape of the floor presented an unreasonable risk of harm to Plaintiff.

### III.   FIRST CAUSE OF ACTION
### (Negligence – As to All Defendants)

15. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 14 above as if fully set forth herein.

16. At all times referenced herein, Defendants, and each of them, owed a duty to Plaintiff to refrain from maintaining their premises in a careless and/or reckless manner.

17. In complete disregard of their duty, Defendants maintained their premises in an extremely reckless, negligent and careless manner, so as to create a condition that resulted in serious injury to Plaintiff's person.

18. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

...

264791                                              3

19. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred expenses for medical care, treatment, and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

20. Plaintiff has been required to retain the services of undersigned counsel to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

### IV. SECOND CAUSE OF ACTION
#### (Premises Liability – As to All Defendants)

21. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 20 above as if fully set forth herein.

22. That at all times referenced herein, it was the duty of Defendants, and each of them, to use reasonable care and diligence to keep and maintain the aisles of the subject premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff or present an unreasonable risk of harm to her during her lawful use of the subject premises.

23. That at all times referenced herein, it was the duty of Defendants, and each of them, to exercise reasonable care to protect Plaintiff by inspection and other affirmative acts from the danger of reasonably foreseeable injury occurring from her lawful use of the premises.

24. That at all times referenced herein, it was the duty of Defendants, and each of them, to have available sufficient personnel and equipment to properly inspect and maintain the subject premises so as to keep it in a condition reasonably safe for Plaintiff and free from defects and other conditions rendering it unsafe.

25. That at all times referenced herein, it was the duty of Defendants, and each of them, to warn Plaintiff of the dangerous and unsafe condition then existing upon the subject premises.

26. That at all times referenced herein, Defendants, and each of them, while in the course and scope of their employment and agency with other defendants, negligently failed to control, supervise, and maintain the subject premises and further failed to warm Plaintiff of hazards which resulted in her injury.

27. That at all times referenced herein, Defendants, and each of them, breached their duty to maintain the subject premises in a safe condition and manner, rendering the subject premises to be a hazard and dangerous for usage by persons lawfully on the subject premises.

28. That the resulting injuries to Plaintiff were caused by the negligence and carelessness of Defendants, and each of them, who failed to utilize reasonable care in the inspection and/or maintenance of the subject premises, and the aforesaid acts of negligence were the proximate cause of the injuries sustained by Plaintiff.

29. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

30. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto and Plaintiff may be required in the future to incur expenses for medical care and treatment.

31. Plaintiff has been required to retain the services of undersigned counsel to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

## V. THIRD CAUSE OF ACTION
*(Negligent Hiring, Training and Supervision -As to All Defendants)*

32. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

33. That at all times referenced herein, Defendants, and each of them, had a duty to exercise due care in the selection, training, supervision, oversight, direction, retention and control of their employees and/or agents, retained by them to perform and provide services.

34. That at all times referenced herein, Defendants, and each of them, owed a duty to Plaintiff to hire responsible employees and to properly train them for tasks they would perform and to ensure that safety measures were in place to protect their patrons.

35. That at all times referenced herein, Plaintiff alleges that Defendants, and each of them, breached such duties.

36. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

37. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

38. Plaintiff has been required to retain the services of undersigned counsel to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

WHEREFORE, Plaintiffs, expressly reserving the right herein to include all items of damage, demand judgment against the Defendants, and each of them, as follows:

ALL CLAIMS FOR RELIEF:

1. General damages in an amount in excess of $15,000.00;
2. Special damages in an amount to be determined at the time of trial;
3. Costs of this suit;

264791

6

4. Pre-judgment interest;

5. Attorney's fees and prejudgment interest; and

6. For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 3rd day of January, 2022.

_____
ERIC PALACIOS, ESQ.
Nevada Bar No. 7120
JOSE C. PALLARES, ESQ.
Nevada Bar No. 4020
**ERIC PALACIOS & ASSOCIATES, LTD.**
2050 South Eastern Avenue
Las Vegas, NV 89104
(702) 444-7777
Attorneys for Plaintiff
HILDA SANTOS CABALLERO

264791
7